**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

In re:                                                                  Chapter 7

MICHAEL P. D'ALESSIO, et al.                                            Case No.: 18-22552 (RDD)

                                   Debtors.[1]
-----------------------------------------------------------------------x
MARIANNE T. O'TOOLE, Solely in Her Capacity as
Chapter 7 Trustee of the Estate of Michael P. D'Alessio,                Adv. Pro. No.: 20-    (RDD)

                                   Plaintiff,

        -against-

GIULIO MONACO,

                                   Defendant.
-----------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("<u>Plaintiff</u>" or

"<u>Trustee</u>") of the estate of Michael P. D'Alessio ("<u>Debtor</u>"), by her undersigned counsel, as and

for her Complaint against defendant Giulio Monaco ("<u>Defendant</u>"), alleges as follows:

---

[1]        The Debtors consist of the jointly-administered estates of Michael P. D'Alessio, Michael Paul Enterprises
           LLC, 184 East 64th Street Holding LLC, 184 East 64th Street Associates LLC, Bluestone 184 LLC,
           Bluestone 67 LLC, 227 E 67th Street Associates LLC, 227 E 67th Street Holding LLC, 145-147 East 62nd
           Street Associates LLC, Bluestone 163 - 165 LLC, 163 - 165 East 62nd Street Associates LLC, 163 - 165
           East 62nd Street Holding LLC, 145-147 East 62nd Street Holding LLC, 3 Sandpiper Court Holding LLC,
           45 Middle Pond Road Associates LLC, 43 Middle Pond Road Associates LLC, 41 Middle Pond Road
           Associates LLC, 43 Middle Pond Road Holding LLC, 41-45 MPR Holding LLC, Bluestone Sandpiper
           LLC, 3 Sandpiper Court LLC, 15-17 Circle Holding LLC, MBI Partners LLC, 15 Circle RD-MBI LLC,
           and 17 Circle RD-MBI LLC.

1

## JURISDICTION AND VENUE

1.      The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105, 323, 541, 542, 544, 547, 548 and 550 ("Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), sections 273, 274, 275, 276, and 276-a of New York Debtor and Creditor Law ("DCL"), New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to Plaintiff are located.

2.      This action arises under the Debtor's pending Chapter 7 bankruptcy case.

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rules 6009 and 7001.

4.      This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H) and (b)(2)(O).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6.      Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7.      Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

8.      Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

9.      At all times relevant, Defendant was (and continues to be) an individual residing in the State of New York.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.      The Bankruptcy Filing and Denial of Discharge**

10.      On April 17, 2018 ("Petition Date"), an involuntary petition was filed against the Debtor. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 1.

11.      On May 17, 2018, the Court entered an Order for Relief on Debtor's Consent. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 12.

12.      Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

13.      Pursuant to a Stipulation and Order dated February 28, 2019, the Debtor consented to the denial of his bankruptcy discharge. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 304.

**B.      The Criminal Case Against the Debtor**

14.      On August 28, 2018, the United States of America filed a sealed indictment against the Debtor in the United States District Court for the Southern District of New York. See, generally, USA v. D'Alessio, S.D.N.Y. Case No.: 18-cr-00617-JMF (hereinafter, references to the docket in the criminal case shall be referred to as "DC").

15.      By Order dated August 29, 2018, the indictment was unsealed. See DC ECF No. 3.

16.      The indictment accused the Debtor of engaging in a scheme to defraud between in or about 2015 through April 2018 by which he induced investors to invest in real estate development projects through entities he controlled in exchange for monthly interest payments and a share in the profits on the sale of the developed properties. See DC ECF No. 2.

17.    The indictment claimed that the Debtor misappropriated funds for his own use and benefit and sought to conceal his fraud. <u>See</u> DC ECF No. 2.

18.    On November 8, 2018, the United States of America filed a superseding information in which it charged the Debtor with one count of wire fraud during the period between 2015 through April 2018 and one count of bankruptcy fraud by concealing assets and making false claims in connection with his bankruptcy case between May 2018 and July 2018. <u>See</u> DC ECF No. 21.

19.    On November 8, 2018, the Debtor entered a guilty plea to both charges of the superseding information. <u>See</u> DC ECF No. 22.

20.    On November 8, 2018, the Debtor also entered into a consent preliminary order of forfeiture as to specific property and a money judgment in the sum of $58,090,047.16. <u>See</u> DC ECF No. 25.

21.    On April 5, 2019, the Debtor was sentenced to six years of incarceration and three years of supervised release. <u>See</u> DC ECF No. 25.

## C.    <u>The Avoidable Transfer</u>

22.    On August 16, 2017, the Debtor transferred not less than $800,000 by wire transfer to Defendant ("<u>Transfer</u>").

23.    The Transfer was made from a personal bank account in the Debtor's name at The Greater Hudson Bank.

24.    At the time of the Transfer, Defendant was a longtime friend and close business associate of the Debtor.

25.    In connection with the Debtor's sentencing, Defendant submitted a two-page letter to the presiding judge in which he reported first meeting the Debtor during the 1990s.

26.     Defendant stated he and the Debtor "immediately became friends and ever since ... have worked together on countless projects."

27.     Defendant stated that, "During the last 25+ years I have been privileged to watch Michael develop into the most prolific entrepreneur, builder and developer that I know. We have worked together in every aspect of the business during periods of economic boom as well as recession."

28.     Defendant stated that he had "invested in excess of $10M with Michael over the years" and that he had "encouraged many friends, family members and colleagues to also invest in Michael".

29.     Defendant requested that the Debtor be "show[n] leniency in his sentencing so he can get back to his children, parents, brother, family and friends as soon as possible."

30.     At all revelant times, Defendant was (and continues to be) a non-statutory insider of the Debtor.

31.     The Transfer was made within one-year of the Petition Date.

32.     Defendant has failed to turn over any part of the Transfer or the value thereof to the Trustee.

**D.      The Assignment**

33.     Upon information and belief, the Debtor and Defendant's longstanding personal and business relationship culminating in the purchase and development of a project that became known as "The Monaco".

34.     On or about January 24, 2014, 336 East 54 Street Associates, LLC ("336 Associates") was formed as a domestic limited liability company in the state of New York.

35.     336 Associates was formed to acquire title to and develop the real property known as, and located at, 336 East 54th Street, New York, New York ("Property").

36.     On or about March 6, 2014, 336 East 54 Street Associates Holdings LLC ("336 Holdings") was formed as a limited liability company in the state of New York.

37.     On or about September 22, 2014, 336 Holdings registered with the New York State Department of State.

38.     336 Holdings was formed for the purpose of holding all the membership interests in 336 Associates.

39.     Upon information and belief, at all times relevant through November 30, 2017, the Debtor and Defendant were each 50% members of 336 Holdings, either directly or through other limited liability companies in which each was the sole member.

40.     By deed dated September 22, 2014, 336 Associates purchased the Property for $6.1 million.

41.     The Debtor and Defendant envisioned developing the Property into a 6-story building comprised of 10 unique, luxury units with modern amenities and to convert the Property into condominium ownership.

42.     At the closing on the Purchase of the Property, 336 Associates took out a $3 million mortgage loan and $5.85 million building loan, each secured against the Property granted in favor of Investors Bank.

43.     On August 23, 2016, Investors Bank executed a certificate of reduction by which the principal amount of the building loan was reduced to $4.85 million.

44.     On March 8, 2017, 336 Associates, by the Debtor as manager of 336 Associates, filed an initial condominium offering plan with the City of New York in which it proposed offering the units for the total amount of $20,737,500.

45.     Upon information and belief, the offering plan was subsequently amended in May and June 2017 on three occasions to modify the offering price.

46.     According to the third amendment submitted on June 26, 2017, the new offering price was $23,387,500.

47.     Upon information and belief, during development the Property undertook the moniker, "The Monaco", after Defendant and is presently known as "The Monaco".

48.     On October 25, 2017, the Debtor sent an e-mail to Defendant to which he annexed a valuation of the Property.

49.     The Debtor identified 11 units in his valuation and estimated a total sale price of $18,245.

50.     Upon information and belief, the October 25, 2017 e-mail arose in the context of a negotiation between the Debtor and Defendant for Defendant to acquire the Debtor's membership interest.

51.     On November 30, 2017, the Debtor and Defendant entered into an assignment and assumption of membership interest agreement ("Assignment") relating to the Debtor's membership interest in 336 Holdings.

52.     In the Assignment, the Debtor and Defendant each represented that they were collectively the sole members of 336 Holdings, that the Debtor was the manager of 336 Holdings and that 336 Holdings was the sole member of 335 Associates.

53.     In the Assignment, the Debtor and Defendant agreed that the Debtor would assign his 50% membership interest to Defendant in exchange for the sum of $100,000 paid in two installments.

54.     In the Assignment, Defendant agreed to assume management of 336 Holdings from the Debtor and to amend the condominium offering plan to reflect that the Debtor was no longer affiliated with the sponsor of the plan.

55.     Upon information and belief, the Assignment did not provide for the assignment and assumption of the Debtor's personal liabilities or any guaranty of any debt incurred by him in connection with 336 Holdings, 336 Associates or the Property.

56.     Upon information and belief, Defendant paid the sum of $100,000 to the Debtor in exchange for the Assignment.

57.     On December 1, 2017, the Debtor and Defendant executed an amendment to the operating agreement of 336 Holdings to reflect that the Debtor had assigned his 50% membership interest in 336 Holdings to Defendant and that Defendant was then the sole member of 336 Holdings.

58.     Upon information and belief, subsequent to the Assignment, Defendant sought to refinance the mortgages secured against the Property.

59.     In connection with that refinance, an appraisal report was prepared for Investors Bank in which it valued the Property at $12,140,000 as of January 23, 2018.

60.     For purposes of its Schedule L balance sheet, 336 Associates valued the Property at $14,472,373 on its 2016 tax return.

61.     Upon information and belief, the Property had a fair market value between $12.14 million and $18.140 million on the date of the Assignment.

62.     As of the date of the Assignment, the Property was subject to mortgage liens in the principal sum of $7.85 million.

63.     According to the tax returns for 336 Holdings, its chief asset was its ownership interest in 336 Associates.

64.     Upon information and belief, the Debtor's 50% membership interest in 336 Holdings had significantly greater value than the $100,000 paid to the Debtor by Defendant.

65.     Upon information and belief, at that the Debtor negotiated and executed the Assignment his real estate development empire had begun to unravel, the scheme identified in the criminal indictment later filed against the Debtor was coming to light, and the Debtor was in a state of financial distress.

66.     Upon information and belief, at the time of the Assignment the Debtor owed millions of dollars to his creditors, to whom he continued to be indebted less than five months later on the Petition Date.

**E.     <u>Reservation of Rights</u>**

67.     Plaintiff's investigation is ongoing and Plaintiff reserves the right to: (a) supplement the information regarding any pre- and post-petition transfers made to, or for the benefit of, Defendant by the Debtor; (b) any debt owed by Defendant to the Debtor; and (c) seek recovery of such additional transfers.

68.     To the extent that any of the avoidance and/or recovery claims may be inconsistent with each other, they are to be treated as being plead in the alternative.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Property of the Estate under 11 U.S.C. §§ 541 and 542)**

69.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "68" as if set forth fully herein.

70.     The Debtor has legal and equitable interests in the Transfer and 336 Holdings.

71.     The Debtor's legal and equitable interests in the Transfer and 336 Holdings are property of the Debtor's estate.

72.     Defendant had no right or entitlement to the Transfer, the Debtor's 50% membership interest in 336 Holdings, or the benefit thereof.

73.     By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, Plaintiff is entitled to the entry of an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer in an amount as yet undetermined, but in no event believed to be less than $800,000, the value of the Debtor's 50% membership interest in 336 Holdings, plus interest from the date of the Transfer and Assignment, costs, or such other amount as may be determined by the Court.

### SECOND CLAIM FOR RELIEF
**(Insider Preference under 11 U.S.C. § 547)**

74.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

75.     Prior to the Petition Date, the Debtor was indebted to Defendant for the sum of $800,000 which was, upon information and belief, paid by Defendant to the Debtor and deposited into the Debtor's personal at The Westchester Bank on or about June 12, 2017.

76.     Within one-year of the Petition Date, the Debtor made the Transfer to Defendant.

77.     Within one-year of the Petition Date, Defendant received the Transfer.

78.     The Transfer was made to or for the benefit of Defendant, a creditor of the Debtor.

79.     The Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfer was made.

80.     The Debtor was insolvent when he made the Transfer to Defendant.

81.     At the time of the Transfer, Defendant was a longtime friend and close business associate of the Debtor.

82.     Defendant was a non-statutory insider of the Debtor at the time of the Transfer.

83.     Upon information and belief, the Transfer enabled Defendant to receive more than he would have received if: (a) the Transfer had not been made; and (b) Defendant received payment of his claim from the Debtor's estate to the extent provided by the provisions of the Bankruptcy Code.

84.     The Transfer is avoidable under section 547(b) of the Bankruptcy Code.

85.     Pursuant to section 550(a) of the Bankruptcy Code, the recovery of property for the benefit of the Debtor's estate is authorized to the extent avoided under section 547 of the Bankruptcy Code.

86.     By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendant pursuant to sections 547(b) and 550(a) of the Bankruptcy Code in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs or such other amount as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(B))

87.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

88.     To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

89.     The Transfer was made within one year of the Petition Date.

90.     The Debtor received less than reasonably equivalent value in exchange for the Transfer.

91.     Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that he would incur, debts beyond his ability to pay as they matured.

92.     At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

93.     At the time of the Transfer, the Debtor knew, or should have known, his creditors held claims against him.

94.     The Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

95.     By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs or such other amount as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(A))

96.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

97.     To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

98.     The Transfer was made within one year of the Petition Date.

99.     At the time of the Transfer, the Debtor knew, or should have known, that his creditors held claims against him.

100.    At the time of the Transfer, Defendant was a longtime friend and close business associate of the Debtor.

101.    Upon information and belief, the Transfer was made by the Debtor with the intent to hinder, delay, or defraud his creditors.

102.    The Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

103.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs or such other amount as may be determined by the Court.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

104.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

105.    To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

106.    At the time of the Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

107.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

108.    The Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

109.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, Plaintiff may avoid the Transfer.

110.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

### SIXTH CLAIM FOR RELIEF
**(Fraudulent Transfer under DCL)**

111.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

112.    To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

113.    At the time of the Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Transfer was an unreasonably small capital.

114.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

115.    The Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

116.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, Plaintiff may avoid the Transfer.

117.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**(Fraudulent Transfer under DCL)**

118.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

119.    To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

120.    At the time of the Transfer, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

121.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

122.    The Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

123.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, Plaintiff may avoid the Transfer.

124.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

**EIGHTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

125.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

126.    To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

127.    The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

128.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, Plaintiff may avoid the Transfer.

129.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

**NINTH CLAIM FOR RELIEF**
**(Attorneys' Fees under DCL)**

130.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

131.    To the extent the Transfer was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

132.    The Transfer was made by the Debtor and received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

133.    The Transfer was received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

134.    The Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of section 276-a of the DCL.

135.    By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## TENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(B))

136.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

137.    The Assignment was made within two years of the Petition Date.

138.    The Debtor received less than reasonably equivalent value in exchange for the Assignment.

139.    Upon information and belief, the Debtor: (a) was insolvent on the date of the Assignment or became insolvent as a result of the Assignment; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that he would incur, debts beyond his ability to pay as they matured.

140.    At the time of the Assignment, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due at the time of the Transfer.

141.    At the time of the Assignment, the Debtor knew, or should have known, his creditors held claims against him.

142.   The Assignment constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

143.   By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, plus interest from the date of the Assignment, costs, or such other amount as may be determined by the Court.

### ELEVENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(A))

144.   Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

145.   The Assignment was made within two years of the Petition Date.

146.   At the time of the Assignment, the Debtor knew, or should have known, that his creditors held claims against him.

147.   At the time of the Assignment, Defendant was a longtime friend and close business associate of the Debtor.

148.   Upon information and belief, the Assignment was made by the Debtor with the intent to hinder, delay, or defraud his creditors.

149.   The Assignment constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

150.   By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to sections 548(a)(1)(A) and 550 of the Bankrptcy Code and a judgment against Defendant in an amount as yet undetermined, plus interest from the date of the Assignment, costs, or such other amount as may be determined by the Court.

## TWELFTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

151.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

152.    At the time of the Assignment, the Debtor was insolvent or was thereafter rendered insolvent.

153.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Assignment.

154.    The Assignment constitutes a fraudulent transfer in violation of section 273 of the DCL.

155.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, Plaintiff may avoid the Assignment.

156.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest from the date of the Assignment, costs, or such other amount as may be determined by the Court.

## THIRTEENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

157.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

158.    At the time of the Assignment, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Assignment was an unreasonably small capital.

159.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Assignment.

160.    The Assignment constitutes a fraudulent transfer in violation of section 274 of the DCL.

161.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, Plaintiff may avoid the Assignment.

162.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to section 274 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest from the date of the Assignment, costs, or such other amount as may be determined by the Court.

### FOURTEENTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

163.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

164.    At the time of the Assignment, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

165.    Upon information and belief, the Debtor did not receive fair consideration in exchange for the Assignment.

166.    The Assignment constitutes a fraudulent transfer in violation of section 275 of the DCL.

167.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, Plaintiff may avoid the Assignment.

168.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest from the date of the Assignment, costs, or such other amount as may be determined by the Court.

### FIFTEENTH CLAIM FOR RELIEF
**(Fraudulent Transfer under DCL)**

169.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

170.    The Assignment was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

171.    Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, Plaintiff may avoid the Assignment.

172.    By reason of the foregoing, Plaintiff is entitled to an order avoiding the Assignment pursuant to section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

### SIXTEENTH CLAIM FOR RELIEF
**(Attorneys' Fees under DCL)**

173.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "73" as if set forth fully herein.

174.    To the extent the Assignment was not made to Defendant on account of an antecedent debt due Defendant from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

175.    The Assignment was made by the Debtor and received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

176.    The Assignment was received by Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

177.    The Assignment constitutes a fraudulent transfer of the Debtor's assets in violation of section 276-a of the DCL.

178.     By reason of the foregoing, Plaintiff is entitled to a judgment against Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

## SEVENTEENTH CLAIM FOR RELIEF
### (Unjust Enrichment under New York law)

179.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "178" as if set forth fully herein.

180.     Defendant was enriched as a result of the Transfer and the Assignment.

181.     The enrichment of Defendant was at the expense of the Debtor.

182.     The circumstances relating to the Transfer and the Assignment are such that equity and good conscience require Defendant to compensate the Debtor's estate.

183.     By reason of the foregoing, Plaintiff is entitled to an order and judgment against Defendant in an amount as yet undetermined in connection with the Assignment, but in no event believed to be less than $800,000 in connection with the Transfer, plus interest thereon, costs, or such other amount as may be determined by the Court.

## EIGHTEENTH CLAIM FOR RELIEF
### (Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))

184.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "183" as if set forth fully herein.

185.     Defendant is the transferee of a transfer avoidable pursuant to sections 544, 547, and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

186.     Defendant has not paid the value of the Transfer or the Assignment, or turned over such property for which he is liable under section 550 of the Bankruptcy Code to Plaintiff.

187.    Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor's estate, including any and all claims assigned by Defendant, must be disallowed until such time as Defendant pays the Plaintiff the amount equal to the Transfer and the Debtor's 50% membership interest in 336 Holdings, in an amount as yet undetermined in connection with the Assignment, but in no event believed to be less than $800,000 in connection with the Transfer, plus interest from the date of the Transfer and Assignment, costs, or such other amount as may be determined by the Court.

188.    Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against the Debtor, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Transfer and the value of the Debtor's 50% membership interest subject to the Assignment, plus interest thereon, costs, or such other amount as may be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment on her claims for relief against Defendant as follows:

i.      on her First Claim For Relief, an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer in an amount as yet undetermined, but in no event believed to be less than $800,000, the value of the Debtor's 50% membership interest in 336 Holdings, plus interest from the date of the Transfer and Assignment, costs, or such other amount as may be determined by the Court;

ii.     on her Second Claim For Relief, a judgment against Defendant pursuant to sections 547(b) and 550(a) of the Bankruptcy Code in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs or such other amount as may be determined by the Court;

iii.    on her Third Claim For Relief, an order avoiding the Transfer pursuant to section 548(a)(1)(B) of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs or such other amount as may be determined by the Court;

iv.        on her Fourth Claim For Relief, an order avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

v.        on her Fifth Claim For Relief, an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

vi.        on her Sixth Claim For Relief, an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $1,000,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

vii.        on her Seventh Claim For Relief, an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

viii.        on her Eighth Claim For Relief, an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, but in no event believed to be less than $800,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

ix.        on her Ninth Claim For Relief, a judgment against Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

x.        on her Tenth Claim For Relief, an order avoiding the Assignment pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xi.        on her Eleventh Claim For Relief, an order avoiding the Assignment pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xii.        on her Twelfth Claim For Relief, an order avoiding the Assignment pursuant to section 273 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xiii.    on her Thirteen Claim For Relief, an order avoiding the Assignment pursuant to section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xiv.    on her Fourteenth Claim For Relief, an order avoiding the Assignment pursuant to section 275 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xv.    on her Fifteenth Claim For Relief, an order avoiding the Assignment pursuant to section 276 of the DCL and judgment against Defendant in an amount as yet undetermined, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xvi.    on her Sixteenth Claim For Relief, a judgment against Defendant, under section 276-a of the DCL, plus interest thereon from the date of the Assignment, costs, or such other amount as may be determined by the Court;

xvii.    on her Seventeenth Claim For Relief, an order and judgment against Defendant in an amount as yet undetermined in connection with the Assignment, but in no event believed to be less than $800,000 in connection with the Transfer, plus interest thereon, costs, or such other amount as may be determined by the Court;

xviii.    on her Eighteenth Claim For Relief, disallowing any claims filed or otherwise held by Defendant against the Debtor's estate until Defendant returns the Transfer and value of the 50% membership transferred to Defendant under the Assignment to the Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

xix.    for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: May 15, 2020
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff Marianne T. O'Toole, solely
as Chapter 7 Trustee

By:    *s/ David A. Blansky*
David A. Blansky, Esq.
Salvatore LaMonica, Esq.
Partners of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

25